**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>                     Plaintiff,<br><br>     v.<br><br>HIGH DESERT STATE PRISON, et al.,<br><br>                     Defendants. | Case No. 2:24-cv-02343-GMN-BNW<br><br>ORDER DISMISSING AND CLOSING CASE |

This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On January 7, 2025, the magistrate judge ordered Plaintiff to either file a complete application to proceed *in forma pauperis* or pay the full $405 filing fee for this action by February 5, 2025. (ECF No. 3). The magistrate judge warned Plaintiff that this action would be subject to dismissal without prejudice if he failed to timely comply. (*Id.* at 2). But that deadline expired without any compliance or other response from Plaintiff.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires this Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because the Court cannot operate without collecting reasonable fees and litigation cannot progress without Plaintiff's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But repeating an ignored order often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Moreover, Nunn has filed over 80 pro se lawsuits in this district since July 2023.[1] Dozens of these lawsuits have been dismissed because Nunn failed to correct fundamental defects with them like filing a single, signed complaint and either paying the filing fee or filing a complete application to proceed *in forma pauperis*.[2] Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED**

---

[1] I take judicial notice of the Court's records which may be accessed by the public online at: https://pacer.uscourts.gov.

[2] *See, e.g., Nunn v. Dep't of Corr.*, Case No. 3:24-cv-00050-ART-CLB, ECF No. 4 (D. Nev. Nov. 20, 2024) (collecting cases).

without prejudice based on the plaintiff's failure to address the matter of the filing fee in compliance with the Court's January 7, 2025, order. The Clerk of Court is kindly directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Tyrone Nunn wishes to pursue his claims, he must file a complaint in a <u>new</u> case and either apply for *in forma pauperis* status or pay the required filing fee for that action.

DATED:  February 21, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE